```
                                              FILED
                                           BILLINGS DIV.

                                        2008 JUN 20  AM 11 11

                                        PATRICK E. DUFFY,
                                        BY _____
                                            DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| TIM OGRINC, | ) | CV-07-70-BU-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| STATE FARM FIRE & CASUALTY | ) | U.S. MAGISTRATE JUDGE |
| COMPANY, an Illinois stock Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendant. | ) | |

On May 27, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that State Farm's Motion for Summary Judgment be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the July 25, 2007 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449,

1

455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

The policy language is clear and explicit. State Farm has the right to control settlement of Pam Ogrinc's claim. Nothing in the policy provision gives Tim the right to enter into a settlement without Pam that he could enforce against State Farm. There is no ambiguity in the language used and Tim could not reasonably argue that an ambiguity exists.

The Court may not revise an unambiguous contract absent findings that cannot be made here. See Mont. Code Ann. § 28-2-1602 ("[a] contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise"); Mont. Code Ann. § 28-2-1611 (a written contract may be revised by court upon a finding of "fraud or a mutual mistake of the parties or a mistake of one party while the other at the time knew or suspected. . ." Here, Tim has neither pled nor attempted to show fraud, mutual mistake, or unilateral mistake that would satisfy the foregoing statute. The Court cannot grant him the relief he seeks.

Finally, the Court is not persuaded by Tim's reliance on cases from other jurisdictions. None of those decisions are controlling in Montana. In light of the Court's conclusions that the policy language unambiguously gives State Farm alone the right to control settlement of Pam's claim against Tim and that Montana statutes preclude Tim's attempt to modify the policy, the out-of-jurisdiction cases are not persuasive.

Accordingly, **IT IS HEREBY ORDERED** State Farm's Motion for Summary Judgment (*Doc. 13*) is **GRANTED.**

The Clerk of Court shall notify the parties of the making of this Order, enter judgment, and close this case.

DATED the 20th day of June, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE